UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-23354-MC-ALTONAGA

*In re* application of ERIC MEVS for an
Order Pursuant to 28 U.S.C. § 1782
Permitting Discovery for Use in a Foreign
Legal Proceeding,

    Applicant,

v.

Isabelle Françoise Mevs,

    Respondent.
_____/

**MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR AN ORDER
PURSUANT TO 28 U.S.C. § 1782 PERMITTING DISCOVERY FOR USE
IN A FOREIGN LEGAL PROCEEDING**

Eric Mevs ("Mr. Mevs"), respectfully moves for an order pursuant to 28 U.S.C. § 1782 to allow him to obtain a medical examination of his sister, Isabelle Françoise Mevs ("Ms. Mevs"), for the purpose of having her declared, by the appropriate professional, incapacitated for purposes of guardianship proceedings currently underway in Haiti. It is not anticipated that any party to the Haiti proceedings will oppose the relief sought herein. In support of this motion, Mr. Mevs states as follows:

    **I.**    **BACKGROUND**

Mr. Mevs is currently engaged in proceedings in Haiti for the purposes of establishing a guardianship over his sister, Isabelle Françoise Mevs, who has Down Syndrome. A certified translation of the Complaint initiating these proceedings is attached as Exhibit 1 to the Declaration of Etan Mark, attached to the accompanying Application. On April 27, 2013, a

Haitian psychiatrist, psychologist and neurosurgeon each examined Ms. Mevs and came to the conclusion that she "cannot stay alone, she must be in constant surveillance and she cannot take any decision concerning herself, her future or any other individual."  A certified translation of each of these reports is attached as a Composite Exhibit 2 to the Declaration of Etan Mark. The Haitian Court, by order of the Dean of the Court of Haiti, Magistrate Raymond Jean Michel, has required that a Court with jurisdiction over Ms. Mevs in Miami authorize her examination by a medical professional who is competent to opine on Ms. Mevs' capacity. Specifically, on June 11, 2014, the Haitian Court entered an order asking that a "Judge who has jurisdiction on the 11 Judicial Circuit of Miami, Florida, United States of America … have a competent Agent of his Court question [Ms. Mevs] either in her current residence located in 9400 South West 174th Street, Miami, 33157, Florida, or in the chambers of the designated judge, this questioning will then be submit [sic] to a Haitian Court's appreciation who will decide on the statutory deprivation."  A certified translation of this Order is attached as Exhibit 3 to the Declaration of Etan Mark.

Ms. Mevs is currently being treated in Miami, Florida and temporarily resides there.  Mr. Mevs resides in Port-Au-Prince, Haiti.

II.     **28 U.S.C. § 1782 PERMITS THE DISCOVERY SOUGHT HERE**

Section 1782 of Title 28 of the United States Code authorizes a United States District Court, upon application of an interested person, to order a person residing in the district to give testimony or produce documents for use in a foreign proceeding. The present application, submitted by Mr. Mevs, who commenced the proceeding in Haiti, satisfies the requirements of the statute in all respects and should be granted in its entirety.

BERGER SINGERMAN
1450 Brickell Avenue, Suite 1900 Miami, Florida 33131-3453  Telephone 305-755-9500  Facsimile 305-714-4340

Title 28 U.S.C. § 1782, entitled, "Assistance to foreign and international tribunals and to litigants before such tribunals," provides in relevant part, "The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal.… The order may be made … upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement."

Mr. Mevs' request satisfies Section 1782's three facial requirements: (a) Ms. Mevs is being treated in the Southern District of Florida; (b) the examination of Ms. Mevs is intended for use in a foreign proceeding; and (c) Mr. Mevs, who initiated the guardianship proceeding in Haiti, is an "interested person." In *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 264-5 (2004), the Supreme Court set forth factors a court may consider in its discretionary ruling on a Section 1782(a) application.  First, a court may consider whether the person from whom discovery is sought is a participant in the foreign proceeding, noting that the need for Section 1782(a) aid is greater when the person is a non-participant. Second, the court may take into account the nature of the foreign tribunal, the character of the proceedings and the receptivity of the foreign government or court to U.S. federal-court judicial assistance. Third, the court may consider whether the Section 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions.

Each of the *Intel* factors bears favorably on Mr. Mevs' request. First, Mr. Mevs seeks discovery from Ms. Mevs over whom the Haitian Court has expressly asked that this Court exercise its jurisdiction.  While Ms. Mevs is technically a "party" to the proceeding in Haiti, she

is not an active participant and cannot be compelled to participate in discovery there. As the Supreme Court observed, there is a greater need for Section 1782 assistance when discovery is sought from a non-participant in the foreign proceeding. *Intel,* 542 U.S. at 263.

Second, as reflected in Exhibit 3 to the Declaration of Etan Mark, the Court in Haiti has expressly solicited assistance from the Court here for purposes of opining on Ms. Mevs' capacity. Courts in this district and others have, in the past, permitted the use of 28 U.S.C. § 1782 to assist with discovery for proceedings commenced in Haiti. *See e.g. In re Letter of Request for Judicial Assistance from Tribunal Civil de Port-au-Prince, Republic of Haiti*, 669 F. Supp. 403 (S.D. Fla. 1987) (permitting discovery of documents). Moreover, in *In re Letter of Request from the District Court Stara Lubovna, Slovak Republic*, the United States District Court for the Middle District of Florida permitted the applicant (in this case, the United States government) to obtain a blood or DNA sample from an individual residing in the United States for purposes of advancing a paternity proceeding in Slovakia. 2009 WL 3711924 (M.D. Fla. Nov. 5, 2009).

Finally, as described above, Mr. Mevs seeks discovery to assist, not to circumvent, proof-gathering in Haiti.

Moreover, issuing the order requested by Mr. Mevs is consistent with Section 1782's underlying purposes of "strengthen[ing] the power of district courts to respond to requests for international assistance [and] stimulat[ing] reciprocity." *See Lo Ka Chun v. To,* 858 F.2d 1564 (11th Cir. 1988). Granting the request would assist a participant in an international proceeding to obtain discovery from American entities relevant to the foreign proceeding, and would encourage Haitian courts to provide similar assistance to persons seeking discovery from Haitian entities in connection with American proceedings. The discovery sought is critical to finalizing

the proceedings in Haiti for the purposes of protecting the interests of Ms. Mevs. It is not expected that Ms. Mevs, or any party to the Haitian proceedings, will object to relief sought by this Application. Ms. Mevs will not be prejudiced by an order requiring her to be examined by a suitably licensed or certified examiner, as she will be afforded all of the rights and protections of witnesses pursuant to Fed. R. Civ. P. 35.

### III.   CONCLUSION

For the foregoing reasons, Mr. Mevs requests that an order, pursuant to 28 U.S.C. § 1782, be entered in the form presented herewith commanding Ms. Mevs to submit to an examination by a suitably licensed or certified examiner.

Dated: September 11, 2014                     Respectfully submitted,

By: _s/ Etan Mark_
Etan Mark
Florida Bar No. 720852
emark@bergersingerman.com
BERGER SINGERMAN LLP
1450 Brickell Avenue, Suite 1900
Miami, FL  33131-3453
Telephone:  (305) 755-9500
Facsimile:  (305) 714-4340

*Attorneys for the Applicant, Eric Mevs*

5899200-4                            -5-

BERGER SINGERMAN
1450 Brickell Avenue, Suite 1900 Miami, Florida 33131-3453  Telephone 305-755-9500  Facsimile 305-714-4340